IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-2668-O-BN |
| | § | |
| HARVEY LEELANE SEARCY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Reed O'Connor. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should *sua sponte* remand this action to the Ellis County Court of Law No. 2.

**Background**

On August 14, 2015, Defendant Harvey Lee Lane Searcy, proceeding *pro se*, removed to the Dallas Division of the Northern District of Texas this case, Cause No. 1311712-CR, then pending in the Ellis County Court of Law No. 2, citing 28 U.S.C. § 1443, *see* Dkt. No. 3 at 5, and asserting that the State of Texas and the Ellis County court have violated his civil rights, specifically his

> a) right of privacy, b) right to due process of law, c) right to be secure in one's person, houses, papers, and effects against unreasonable search and seizures, d) right to a speedy trial, and e) right to reasonable bail, thereby giving rise to a legal issue involving the interpretation and application of

>the U.S. Constitution which is subject to the jurisdiction of the federal courts pursuant to 28 U.S.C. § 1331.

*Id.* at 1. The Ellis County and District Attorney is listed as counsel of record for Plaintiff State of Texas. *See id.*

Defendant has also moved for leave to proceed *in forma pauperis*, *see* Dkt. No. 5; has filed motions to stay and/or for extensions of time, *see* Dkt. Nos. 6 & 8; has filed a "petition for a writ of certiorari" [Dkt. No. 7], which in substance appears to be a motion for a writ of mandamus; and has filed a "certificate of estoppel" [Dkt. No. 9].

Records available online from the state court in Ellis County reflect that Cause No. 1311712-CR is a pending criminal misdemeanor action for resisting arrest and that Defendant has been released pretrial on a $500 personal bond. *See* www.lgs-hosted.com/rmtellcck.html (search "Criminal Case History" using Defendant's last name) (last visited Sept. 3, 2015).

On August 18, 2015, the undersigned issued an order regarding this *pro se* removal – noting that it did not appear that there was federal subject matter jurisdiction – and, through that order, invited Plaintiff to move to remand, which the Court would have considered on an expedited basis, and ordered Defendant to show cause in writing why the Court has subject matter jurisdiction over this action no later than September 1, 2015. *See* Dkt. No. 10. Neither side responded to the Court's order.

The undersigned now concludes that, because the Court lacks subject matter jurisdiction, this criminal prosecution should be *sua sponte* remanded to the Ellis County Court at Law No. 2.

**Legal Standards and Analysis**

The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332; *see also Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (federal question jurisdiction under Section 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law'" (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983))); *cf. Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (federal courts have an independent duty to examine their own subject matter jurisdiction).

28 U.S.C. § 1455, however, provides for removal of criminal prosecutions. And "[w]hen a defendant removes a criminal prosecution from state court, it is incumbent upon the United States District Court 'in which such notice is filed [to] examine the notice promptly.'" *Texas v. Kearns*, No. 5:14-cv-27-DAE, 2014 WL 258786, at *1 (W.D. Tex. Jan. 23, 2014) (quoting 28 U.S.C. § 1455(b)(4)). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

As one district court in this circuit has explained,

> [a]lthough 28 U.S.C. § 1455 was enacted in December 2011, and has not yet been construed by the Fifth Circuit or by any federal district court in Louisiana, other courts have concluded that the statute is purely procedural, and provides no substantive requirements for removal. A plain-language reading of the statute supports this conclusion: the

statute requires that the removing party include in its notice of removal "all grounds for ... removal," but does not define what constitutes "grounds for removal." Therefore, [a court should] turn[] to the other removal statutes to identify the relevant grounds for removal.

*Louisiana v. Hunter*, Civ. A. No. 14-931, 2014 WL 7139463, at *5 (E.D. La. Dec. 15, 2014) (footnote collecting authority omitted); *see also Mnuk v. Texas*, No. A-14-cv-1128-SS, 2015 WL 1003863, at *2 (W.D. Tex. Mar. 5, 2015), *rec. adopted*, 2015 WL 4395376 (W.D. Tex. July 16, 2015) ("Only a very small class of criminal cases are removable to federal court. 28 U.S.C. § 1442 (criminal actions against federal law enforcement officers or officials for acts taken in their official duties); 28 U.S.C. § 1442a (prosecutions of members of the armed forces); 28 U.S.C. § 1443 (prosecutions against officials enforcing or persons protected by civil rights statutes).").

Turning to Section 1443, the only substantive provision of the federal removal statute that could be applicable here – and also the provision cited by Defendant – that provision in pertinent part provides that

> [a]ny of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]

28 U.S.C. § 1443(1).

As another judge of this Court has explained,

> [i]n *Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85 (5th Cir. 1982), the Fifth Circuit articulated a two-prong test to determine whether removal

is proper under § 1443.

> To gain removal to federal court under 28 U.S.C. § 1443, the defendant must show both that (1) the right allegedly denied it arises under a federal law providing for specific rights stated in terms of racial equality; and (2) the removal petitioner is denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law.

*Id.* at 86 (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975))....

Although not made explicit in the terms of § 1443(1), the Supreme Court clearly requires that a removal petitioner assert an allegation of a federal law violation pertaining to racial equality. *Georgia v. Rachel*, 384 U.S. 780, 791 (1966) ("The legislative history of the 1866 Act clearly indicates that Congress intended to protect a limited category of rights, specifically defined in terms of racial equality."). In *Johnson v. Mississippi*, 421 U.S. 213 (1975), the Court reaffirmed this limitation, stating that "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes <u>not protecting against racial discrimination, will not suffice</u>." *Id.* at 219 (emphasis added). Accordingly, the first prong of the controlling test requires that the denied right arise under a federal law "providing for specific rights stated in terms of <u>racial</u> equality." *Gulf Water Benefaction Co.*, 679 F.2d at 86 (emphasis added).

*Tex. Dep't of Prot. & Regulatory Servs. v. Mitchell-Davis*, No. 3:07-cv-1726-D, 2007 WL 4334016, at *1 (N.D. Tex. Dec. 11, 2007).

Moreover, "the federal Anti–Injunction Act, 28 U.S.C. § 2283, prohibits this Court from enjoining state criminal proceedings except where expressly authorized by Congress or where necessary in aid of this Court's jurisdiction." *Texas v. Kearns*, 2014 WL 258786, at *2 (citing *Younger v. Harris*, 401 U.S. 37, 41 (1971)).

Here, Defendant has not shown, under Section 1443, (1) that the rights allegedly denied him "arise[] under a federal law providing for specific rights stated in terms of

racial equality" and (2) that he was "denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law." *Gulf Water Benefaction Co.*, 679 F.2d at 86. *See, e.g.,* Dkt. No. 3 at 1 (alleging violations of his rights to privacy, due process of law, to be secure in one's person, etc., to a speedy trial, and to a reasonable bail but failing to tie those alleged violations to discrimination based on race). Thus, Defendant has not shown that federal subject matter jurisdiction exists over this removed, pending state criminal prosecution, and, therefore, the Court should summarily remand this action. *See* 28 U.S.C. § 1455(b)(4).

## Recommendation

The Court should *sua sponte* remand this action to the Ellis County Court at Law No. 2.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: September 4, 2015

                                                              DAVID L. HORAN
                                                             UNITED STATES MAGISTRATE JUDGE